PETERSON, Judge.
Marek Koniecpolski appeals a non-final order denying his motions to quash service of process and to discharge the court-appointed guardian ad litem, attorney ad li-tem, and administrator ad litem. We dismiss the appeal.
Stelnicki filed an action to foreclose an agreement for deed on real property in Hernando County against Koniecpolski and another defendant not participating in this appeal. Stelnicki attempted to gain personal service of process upon Koniecpolski, a resident of Fairlawn, New Jersey, but was unable to do so. A special deputy sheriff in New Jersey returned a certificate indicating that, although he made numerous attempts, he was unable to serve Koniec-polski at the address set forth in the summons. Stelnicki then followed the procedure to obtain constructive service of process and, when no answer was received, applied for and received from the trial court an order appointing a guardian ad litem, an attorney ad litem, and an administrator ad litem. Koniecpolski made a special appearance by filing his motion to quash service of process and to discharge the guardian ad litem, attorney ad litem, and administrator ad litem appointed for him and for the benefit of all persons claiming by or through him. It is from the denial of these two motions that his appeal was filed. Koniecpolski’s notice of appeal provides, inter alia, that the “nature of the orders from which this appeal is taken are non-final orders determining that this court’s jurisdiction over the person of this defendant/appellant has been properly invoked....”
Koniecpolski attempts to invoke the jurisdiction of this court through Rule 9.130(a)(3)(C)(i), Florida Rules of Appellate Procedure, which provides that the district court may review non-final orders of lower tribunals which determine jurisdiction of the person. While Koniecpolski’s notice of appeal indicates the court determined that jurisdiction was attained over Koniecpolski, an examination of the trial court’s order indicates that Koniecpolski’s motions merely were denied. Koniecpolski’s motion requested that constructive service be quashed, not personal service; there is no claim by Stelnicki that personal jurisdiction was ever acquired.
Since the rules of appellate procedure do not authorize review of this non-final order, the appeal is dismissed.
DISMISSED.
DAUKSCH and GOSHORN, JJ., concur.